**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4767**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL IBUKUN OGINNI,

Defendant - Appellant.

**No. 18-4777**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL IBUKUN OGINNI,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria.  Liam O'Grady, District Judge.  (1:17-cr-00172-LO-1; 1:18-cr-00231-LO-1)

Submitted:  August 30, 2019                    Decided:  September 20, 2019

Before FLOYD and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————————

Affirmed in part, dismissed in part by unpublished per curiam opinion.

———————————

Sicilia C. Englert, LAW OFFICE OF SICILIA C. ENGLERT, LLC, Alexandria, Virginia, for Appellant.  Laura Fong, Assistant United States Attorney, Alexander Patrick Berrang, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael I. Oginni seeks to appeal his convictions and sentence imposed following his guilty plea to a series of fraud-related offenses in the Eastern District of Virginia and the Southern District of Ohio.[*] Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether Oginni's plea was knowing and voluntary and asserting that the district court improperly imposed a sentence in excess of the statutory maximum penalty on one count. Although advised of his right to file a pro se brief, Oginni has not done so. The Government has moved to dismiss the appeals based on the waiver of appellate rights in Oginni's plea agreements. We affirm in part and dismiss in part.

Oginni's waiver of appellate rights does not prevent him from challenging the validity of the plea itself. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir.), *cert. denied*, 139 S. Ct. 494 (2018). Before accepting a guilty plea, the district court must ensure that the plea is knowing, voluntary, and supported by an independent factual basis. Fed. R. Crim. P. 11(b); *United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). "In evaluating the constitutional validity of a guilty plea, courts look to the totality of the circumstances surrounding it, granting the defendant's solemn declaration of guilt a presumption of truthfulness." *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010) (brackets and internal quotation marks omitted). Because Oginni neither raised

---

[*] Oginni consented to the transfer of the Ohio charges and to their disposition in the Eastern District of Virginia.

an objection during the Rule 11 proceeding nor moved to withdraw his guilty plea in the district court, we review the validity of his plea for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014); *see Henderson v. United States*, 568 U.S. 266, 272 (2013) (discussing standard of review).

Counsel questions whether Oginni entered his plea knowingly and voluntarily, asserting that the Government failed to comply with oral promises made during the plea negotiations. But the record contains no evidence of the alleged promises, and Oginni specifically confirmed that his plea was not based on any threats or promises outside the plea agreements. That statement, made under oath, is entitled to a strong presumption of verity. *See United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005). Furthermore, we conclude that the district court substantially complied with the Rule 11 requirements and correctly held that Oginni's guilty plea was knowing, voluntary, and supported by a sufficient factual basis.

Oginni also asserts that he received a sentence in excess of the statutory maximum on one count; thus, this sentencing argument falls outside the scope of his appellate waiver. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005) (recognizing that even knowing and voluntary appellate waiver cannot bar review of "a sentence imposed in excess of the maximum penalty provided by statute" (internal quotation marks omitted)). Oginni correctly notes that the statutory maximum penalty for his conspiracy to commit access device fraud charge was 60 months' imprisonment. 18 U.S.C. § 1029(b)(2), (c)(1)(A)(i) (2012). Thus, the district court plainly erred in sentencing Oginni to 120 months' imprisonment on that count. But Oginni also received valid, concurrent

4

120-month sentences on three other counts, so this error did not affect his substantial rights. *United States v. Ellis*, 326 F.3d 593, 599-600 (4th Cir. 2003); *see* Fed. R. Crim. P. 52(b); *United States v. Angle*, 254 F.3d 514, 518 (4th Cir. 2001) (providing standard).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal that fall outside of the scope of the waiver. Therefore, we deny the Government's motion to dismiss in part and affirm the district court's judgment as to the validity of Oginni's plea and his sentence on the challenged conspiracy count. We grant the Government's motion in part and dismiss the appeal in all other respects. *See United States v. Blick*, 408 F.3d 162, 168-69 (4th Cir. 2005).

This court requires that counsel inform Oginni, in writing, of the right to petition the Supreme Court of the United States for further review. If Oginni requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Oginni. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

5